UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BONITA FABRICS, INC.,

                      Plaintiff,

              -against-

KIRAT S. ANAND, AN INDIVIDUAL, DBA
KAS NEW YORK

                    Defendant.
-------------------------------------------------------X

Case No.: 12-misc-408

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND IN SUPPORT OF MOTION TO QUESH SUBPOENAS

Defendant Kirat S. Anand ("Kirat") by and through his attorneys Sabharwal & Finkel LLC, respectfully submits this Memorandum of law in support of his motion to dismiss this miscellaneous proceeding and his motion to quash subpoenas issued pursuant to this proceeding.

## FACTS

This Honorable Court is respectfully referred to the accompanying affidavit of defendant ("Kirat Affidavit") for a full recitation of the facts herein.

In summary, plaintiff Bonita Fabrics, Inc. ("Bonita") wrongfully obtained a default judgment in California (the "Judgment") upon which Judgment it brings these proceedings and issues subpoenas in New York. The California court issuing the Judgment did not have personal jurisdiction over Kirat. Further, contrary to Bonita's assertion in the caption of these proceedings, Kirat does not do business as "KAS New York". All this was known to Bonita prior to it obtaining the Judgment.

## ARGUMENT

The California Court (the United States District Court, Central District of California, Western Division) did not have personal jurisdiction over Kirat.

The Judgment obtained by Bonita was on default and the California Court did not undertake any jurisdictional analysis. Further, the only jurisdictional assertion by Bonita in its First Amended Complaint (on the basis of which Bonita obtained the Judgment) is contained in paragraph 4 of such complaint and states, wrongly, that:

> 4. Plaintiff is informed and believes and thereon alleges that defendant KIRAT S. ANAND, an individual, is doing business under the assumed name KAS NEW YORK, with its principal place of business located at 231 West 39th Street, Suite 1002, New York, New York 10018. Plaintiff is informed and believes that KIRAT S. ANAND is doing business under the assumed name KAS NEW YORK in violation of New York law which

requires assumed name filings. Plaintiff is informed and believes and thereon alleges that KAS NEW YORK is not a legal business entity, but the KAS NEW YORK website states at the URL www.kasnewyork.com/whoiskas.php: "Who is KAS? KAS was created by the brand's namesake and founder, Kirat S. Anand. Born and raised in New York with no formal training, Kirat knew that he wanted to make an imprint on the fashion world .... Realizing a void in the affordable luxury/contemporary woman's ready-to-wear market, he launched KAS New York in 2007." Plaintiff is informed and believes and thereon alleges that KIRAT S. ANAND, doing business as KAS NEW YORK is conducting business in this judicial district and has engaged in acts of copyright infringement in violation of Plaintiff's rights in this judicial district.

These assertions are grossly inaccurate. *First*, Kirat, as an individual, does not do business as KAS NEW YORK. Kirat Affidavit ¶ 2. *Second*, a separate and distinct business entity, Dani II, Inc., conducts some of its business with the label "KAS New York". Dani II, Inc. is a corporation formed under the laws of the State of New York with its principal place of business at 101 32 Dupont Street, Plainview NY 11803. Kirat Affidavit ¶ 3. *Third*, nowhere in the website quoted by Bonita does it say that Kirat is doing business as KAS NEW YORK.

Dani II, Inc., which uses KAS NEW YORK as a brand label, and, in any event, not as a DBA, is not a defendant in these proceedings or in the California proceedings. Kirat was wrongfully named as a defendant in the California proceedings despite explicit and repeated notice by way of letters to Bonita's counsel from Kirat's California counsel. Exhibit A to Kirat Affidavit (¶ 8). Such notices were deliberately ignored by Bonita in a transparent and egregious effort to wrongly pressure Kirat as an individual by naming him as a defendant in the California proceedings, with the hope of obtaining a quick settlement.[1]

---

[1] Such egregious acts are commonly known in California as "copyright trolling", which has become an epidemic in the California courts. Unscrupulous law firms bring disingenuous and wrongful

This Honorable Court has the authority to undertake its own analysis and determine that the California Court did not have personal jurisdiction over Kirat. Siegel-NYPRAC §471, citing *Williams v. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092 (1945).

The relevant inquiry was set forth in *In re 9/11 Terrorist Attack*, 718 F.Supp.2d 456, 468-469 (SDNY, 2010). The Court's jurisdictional analysis in *In re 9/11 Terrorist Attack*, is as follows:

> "Generally, personal jurisdiction has both statutory and constitutional components." *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic,* 582 F.3d 393, 396 (2d Cir.2009). "A court must have a statutory basis for asserting jurisdiction over a defendant, and the Due Process Clause typically also demands that the defendant, if not present within the territory of the forum, have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal citations, quotation marks and alterations omitted). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ( quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).
>
> Due process requires a defendant to have "fair warning" that a particular activity may subject him to the jurisdiction of a foreign court. Id. at 472, 105 S.Ct. 2174. In determining whether the due process requirements are satisfied, the Court must engage in a two step inquiry. *Porina v. Marward Shipping Co., Ltd.,* 521 F.3d 122, 127 (2d Cir.2008). **It must be initially determined "whether a defendant has sufficient minimum contacts with the forum."** *Id.* "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)). "Each defendant's contacts with the forum [ ] must be assessed individually." *Id.* at 790, 104 S.Ct. 1482. If the requisite minimal contacts exist, the Court must then consider whether the exercise of jurisdiction over that defendant would be

---

lawsuits based on spurious copyright violations against unsuspecting defendants and then bring pressure to settle, including ill gotten legal fees.

reasonable under the circumstances of the particular case. *Metro. Life*, 84 F.3d at 568.

[Emphasis added]

In this case, Kirat as an individual does not have the requisite minimum contacts with the State of California. Kirat Affidavit ¶¶ 4 to 7, which state that he has never conducted any business activities in the State of California; he has never received any income or revenue from business activities in California, or from interstate or international commerce involving California; he has always exclusively been a domiciliary and citizen of the State of New York; he has never resided in California; he has never and currently does not own or lease any real or personal property located in California in his individual or any other capacity; he has never had and currently does not have any bank or investment accounts of any type in California in his individual or any other capacity; he has never bought or sold and currently does not buy or sell any assets in California in his individual or any other capacity; he has never employed and currently does not employ anyone in California in his individual or any other capacity, other than the attorneys that temporarily represented him in relation to the California proceedings; he has never filed and currently does not file any tax returns in California in his individual or any other capacity; he has never been and is currently not an owner of any business that is registered in California; he has never been and is currently not a controlling shareholder of any corporation that is registered in California; he has never instituted any legal action in California; he has never in his individual or any other capacity made any contribution or donation to any charitable or non-profit organization(s) in California; he has never supervised or managed any charities, benevolent organizations, benevolent associations, or non-profit organizations in

California; he has never in his individual or any other capacity, had any mailing address in California.

## CONCLUSION

For all the above reasons this miscellaneous proceeding seeking to wrongfully enforce the Judgment must be dismissed in its entirety and the subpoenas issued based on this proceeding must be quashed in their entirety, with such other relief that this Honorable Court deems appropriate in the premises.

Dated: New York, New York
March 25, 2013

**SABHARWAL & FINKEL, LLC**

By: Adam Finkel
Rohit Sabharwal
350 Fifth Avenue, 59th Floor
New York, New York 10118
Email: Rohit@sabilaw.com
Tel: (212) 601-2882
Fax: (212) 601-2883