| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | Case No.: 12-misc-408 |

BONITA FABRICS, INC.,

                Plaintiff,

   -against-

KIRAT S. ANAND, AN INDIVIDUAL, DBA
KAS NEW YORK

                Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND IN SUPPORT OF MOTION TO QUASH SUBPOENAS**

Dated: New York, New York
       April 12, 2013

                                          **SABHARWAL & FINKEL, LLC**

                                          By:_____/s/_____
                                                Adam Finkel
                                                Rohit Sabharwal
                                                350 Fifth Avenue, 59th Floor
                                                New York, New York 10118
                                                Tel:   (212) 601-2882
                                                Fax:   (212) 601-2883

I.     PRELIMINARY STATEMENT

This matter arises from an action brought by the Plaintiff in the United States District Court, for the Central District of California, Western Division (hereinafter the "California Court"), with Case No: 11-CV-07594 (hereinafter the "California Action"), wherein the Plaintiff obtained a default judgment against Kirat Anand (hereinafter "Kirat"), the Defendant herein, for copyright infringement.

First and foremost, as discussed below in further detail, the Plaintiff's unsupported argument that this motion has been inappropriately brought in this Honorable Court, and that the Defendant waived its right to assert lack of jurisdiction (which amount to two sentences and do not provide any binding legal authority supporting such a notion) is wholly without merit, as a matter of law.

Second, all of the Plaintiff's arguments in opposition to Kirat's motion to dismiss for lack of personal jurisdiction, are based on the false premise that "KAS New York" is the assumed name of Kirat. Notably, the Plaintiff has been made aware of the inaccuracy since the inception of the frivolous lawsuit brought in the California Court. See the Affidavit of Kirat Anand, dated March 20, 2013 (hereinafter the "Kirat Aff."), Exhibit A. Indeed, Plaintiff and its counsel have willfully ignored the undeniable fact that KAS New York is a "ready to wear label" owned by Dani II (not Kirat), as established by the documentary evidence referenced herein below and in the accompanying Kirat Reply Aff. Accordingly, any contacts that Dani II has with the State of California cannot be imputed upon Kirat, in his individual capacity, as a matter of law.

Therefore, it is unequivocal that this miscellaneous proceeding should and must be dismissed in its entirety, with prejudice, and any subpoenas that have been issued in the course of this miscellaneous proceeding should and must be quashed.

## II.   STATEMENT OF FACTS

We respectfully refer this Honorable Court to the Kirat Aff. and the Kirat Reply Aff. for a full recitation of the facts.  The Kirat Aff. and the Kirat Reply Aff. are incorporated herein by reference.

## III.   ARGUMENTS

Despite the Plaintiff's representations to the contrary: (a) the defendant's jurisdictional challenges have been properly brought before this Honorable Court; (b) the defendant did not waive his right to assert jurisdictional challenges; (c) the California Court lacked general jurisdiction; and (d) the California Court lacked specific jurisdiction.

### a.   THE DEFENDANT'S JURISDICTIONAL CHALLENGES HAVE BEEN PROPERLY BROUGHT BEFORE THIS HONORABLE COURT

Plaintiff argues (without any legal authority whatsoever), that: "even if defendant's jurisdictional arguments were timely (which they are not), such arguments should properly be made before the California court that entered judgment in this matter. Defendant's motion should be denied on this basis alone".  Plaintiff's Memorandum of Law in Opposition, dated April 5, 2013 (hereinafter the "Opp. Memo"), pg. 8.  In doing so, Plaintiff completely ignores Defendant's explicit references to the relevant and applicable law on the subject set forth by the United States Supreme Court.  Defendant's

Memorandum of Law in Support, dated March 25, 2013 (hereinafter the "Defendant's Memo"), pg. 4.

Indeed, the United States Supreme Court has determined that: "judgment in one State is conclusive upon the merits in every other State, but **only if** the court of the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment. *Williams v. North Carolina, supra,* 325 U.S. at p. 229, 65 S.Ct. 1092. Further, the Plaintiff ignores David Siegel's practice commentary (which was cited by the Defendant in his moving papers), which explicitly states that jurisdictional challenges in the state where enforcement is sought is appropriate when the judgment entered in the sister state was the result of a default by the Defendant, as follows:

> As applied to an American judgment, the full faith and credit doctrine is in essence only res judicata applied interstate and made mandatory. **Full faith and credit applies to the American judgment as long as the rendering court, F-1, had jurisdiction. Jurisdiction is in almost all cases the sole inquiry. As soon as the second forum (F-2) ascertains that F-1 had jurisdiction, the F-2 inquiry must end and the F-1 judgment must be recognized on its merits. That is so no matter what error there may have been on F-1's part in reaching the merits: as long as F-1 had jurisdiction, any error that F-1 made on the merits must be reviewed by direct attack in F-1[FN4] and not by collateral attack in F-2.[FN5] F-2 may of course look into the question of whether F-1 had jurisdiction. If the defendant did not appear in the F-1 proceeding, F-2 may decide the question of F-1's jurisdiction for itself—looking into the usual jurisdictional prerequisites of basis, notice, and opportunity to be heard.** Although F-2 must give "proper weight" to what F-1 may have held as to its own jurisdiction, F-2 is not bound by the F-1 holding in this instance and may, upon appropriate proof, determine that F-1 did not have jurisdiction even in the teeth of F-1's own determination that it did.[FN6] The theory is that the F-1 defendant is entitled to a day in court on the question of F-1's jurisdiction and that she must be allowed that day in F-2 as long as she did not appear in F-1. It is in fact this phenomenon of federal constitutional law that lends jeopardy to the so-called "ex parte" divorce, the divorce rendered in F-1 with no personal jurisdiction of the defendant spouse.[FN7] It is always open to the defendant, if the F-1 divorce should be questioned in F-2, to show that F-1 had no jurisdiction at all, not even the "rem" jurisdiction that might have obtained if the plaintiff spouse were found an F-1 domiciliary—the very fact question on which F-1's jurisdiction in this instance depends and which F-2 can decide for itself by

4

virtue of the defendant's nonappearance in F-1. The question of F-1's jurisdiction remains open, in other words, and any person remarrying on the strength of such an ex parte divorce runs the risk of having F-2 reject the divorce upon determining that F-1 lacked jurisdiction. All this, when the defendant does not appear in the F-1 proceeding.  Siegel-NYPRAC Section 471. [Emphasis Added].

Based on the foregoing, it is undeniable that Defendant's jurisdictional challenges are timely and appropriately brought before this Honorable Court.

    b.    **DEFENDANT DID NOT WAIVE THE RIGHT TO ASSERT ITS JURISDICTIONAL CHALLENGES**

Plaintiff asserts (without any support) that: "By sending a letter to the Judge, defendant purported to appear in the California action and therefore has waived his right to contest jurisdiction".[1]  However, under California law, a defendant "appears in an action when the defendant answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, moves for reclassification pursuant to Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant." Cal.C.C.P. § 1014.

None of that occurred here.  In fact, the Defendant did not file an application or motion, or participate in the action in a manner that recognized the authority of the California Court to proceed. Defendant merely sent one letter dated June 19, 2012, to the California Court, which addressed, *inter alia*, the California Court's lack of jurisdiction (hereinafter the "June 19 Letter"). Plaintiff's Exhibit 11.  In fact, in the June 19 Letter, Kirat informed the California Court that he does not "have connections to California as an individual", and as a result, the California Court did not have personal jurisdiction

---

[1] Notably, in support of their application for a default judgment in the California Action, the Plaintiff repeatedly claimed that the Defendant "refused to appear" in the California Action, so as to obtain statutory damages for intentional copyright infringement, litigation costs and **actual** attorneys' fees.

over him. That solitary communication did not acknowledge the authority of the California Court to entertain the California Action.

Further, the California Court did not conduct a jurisdictional analysis, but entered judgment against Kirat on default, in reliance upon the Plaintiff's repeated representations that Kirat did "refused to appear" in the California Action. Indeed, as per the Plaintiff's own Exhibit 11, the California Court, outright "REJECTED" the June 19 Letter and enclosures thereto, and noted that the June 19 Letter and enclosures thereto "have not been filed with the Court".

Based on the foregoing, as a matter of California law the June 19 Letter does not constitute an appearance in the California Action or a waiver of Kirat's jurisdictional defenses.

    c.    **LEGAL STANDARD FOR PERSONAL JURISDICTION IN CALIFORNIA**

California courts may exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal.C.C.P., § 410.10. "The Due Process Clause [of the United States Constitution] protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 319, (1945). By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner,* 433 U.S. 186, 218 (1977) (STEVENS, J., concurring in judgment), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as

to where that conduct will and will not render them liable to suit [citation].' " ( *Burger King Corp. v. Rudzewicz* 471 U.S. 462, 471–472, (1985).

The exercise of personal jurisdiction over a nonresident defendant comports with constitutional limitations if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate "traditional notions of fair play and substantial justice." *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, quoting *Internat. Shoe, supra,* 326 U.S. at p. 316.

"Under the minimum contacts test, 'an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State." *Kulko v. California Superior Court* 436 U.S. 84, 92 (1978), quoting *Internat. Shoe, supra,* 326 U.S. at pp. 316–317, 319. "The 'minimum contacts'; test ... is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." *Kulko, supra* at p. 92, quoting *Hanson v. Denckla* 357 U.S. 235, 246 (1958). "[T]his determination is one in which few answers will be written in black and white. The greys are dominant and even among them the shades are innumerable." *Kulko, supra* at p. 92, quoting *Estin v. Estin* 334 U.S. 541, 545 (1948)

"Personal jurisdiction may be either general or specific." *Vons, supra,* 14 Cal.4th at p. 445. "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are substantial, continuous, and systematic." *F. Hoffman–La Roche, Ltd. v. Superior Court* 130 Cal.App.4th 782, 796 (2005). In the absence of general jurisdiction, a court may exercise specific jurisdiction over a nonresident defendant where "(1) 'the defendant has purposefully availed himself or herself of forum benefits. (*Vons,*

*supra,* 14 Cal.4th at p. 446); (2) 'the "controversy is related to or 'arises out of' [the] defendant's contacts with the forum"; and (3) ' "the assertion of personal jurisdiction would comport with 'fair play and substantial justice' " ' (*Vons, supra,* 14 Cal.4th at p. 447,

When a nonresident defendant challenges personal jurisdiction, the plaintiff must prove, by a preponderance of the evidence, the factual basis justifying the exercise of jurisdiction. *Pavlovich v. Superior Court* 29 Cal.4th 262, 273, (2002).  The plaintiff must do more than merely allege jurisdictional facts; plaintiff must provide affidavits and other authenticated documents demonstrating competent evidence of jurisdictional facts.  *In re Automobile Antitrust Cases I & II*  135 Cal.App.4th 100, 110, (2005).  If the plaintiff does so, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Pavlovich, supra,* 29 Cal.4th at p. 273.  Here, the Plaintiff's conclusory allegations (which are disputed by the undeniable documentary evidence) are nothing more than unsubstantiated allegations of jurisdictional facts (as described in further detail below).  Accordingly, the Plaintiff has not satisfied its burden of proof and this miscellaneous proceeding should and must be dismissed in its entirety.

      d.      **THE CALIFORNIA COURT LACKED GENERAL JURISDICTION OVER KIRAT ANAND**

The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are subject to jurisdiction as well.  *Nucal Foods, Inc. v. Quality Egg LLC*, 886, 996 F.Supp.2d 977, (E.D.Cal. 2012) citing *Calder v. Jones*, 465 U.S. 783, 790 (1984) and *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 521 (9th Cir.1989). "For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the

corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals." *See Nucal Foods, Inc. v. Quality Egg LLC*, 886, 996 F.Supp.2d 977 (E.D.Cal. 2012) citing *Shearer v. Superior Court,* 70 Cal.App.3d 424, 430, 138 Cal.Rptr. 824 (1977).  Implicit in this principle is the consideration that corporations are separate legal entities that cannot act on their own but must do so through their appointed representatives. *See Nucal Foods, Inc. v. Quality Egg LLC*, 886, 996 F.Supp.2d 977 (E.D.Cal. 2012) citing *Mihlon v. Superior Court,* 169 Cal.App.3d 703, 713, 215 Cal.Rptr. 442 (1985). Accordingly, acts performed by these individuals, in their official capacities, cannot reasonably be attributed to them as individual acts creating personal jurisdiction. *id*.

      Plaintiff alleges the following:

> Here, an assertion of general jurisdiction over defendant is proper. Defendant's KAS products are sold in dozens of stores in California, including Nieman Marcus, Bloomingdales, Fred Segal and Scoop. Defendant attends trade shows in California. Defendant had a sales representative in California.  Defendant travels to California on personal and/or business matters.  Defendant infringed a copyright owned by a California based business.  Opp. Memo, pg. 9.

However, each one of the Defendant's purported contacts with California, as asserted by the Plaintiff, are based on the false premise that "KAS New York" is the assumed name of Kirat Anand.  Not only is this representation completely inaccurate, the Plaintiff has been made aware of its inaccuracy since the inception of its frivolous lawsuit brought in California. See Kirat Reply Aff., ¶2-13.  To add insult to injury, the Plaintiff continues to consciously and willfully disregard the irrefutable documentary evidence establishing that Dani II Inc., is the corporation that owns the ready to wear label "KAS New York". See Kirat Reply Aff., ¶13-19.

As the Plaintiff is well aware, any goods sold that contained the allegedly infringing print (hereinafter the "Print"), were sold by Dani II, not by "KAS New York" and certainly not by "Kirat Anand" (See Kirat Reply Aff., ¶14-15, 18); Dani II (not Kirat) sold KAS New York garments to Fred Segal for a brief period of time in October 2008 and February 2009 (Kirat Reply Aff., ¶16); Dani II (not Kirat) sells KAS New York garments to the online stores for Nieman Marcus and Bloomingdales (Kirat Reply Aff., ¶16); Dani II (not Kirat) briefly employed a sales-representative in Los Angeles, California (Kirat Reply Aff., ¶17); Dani II (not Kirat) has exhibited and sold goods at the Los Angeles, California trade show "Designer and Agents" (Kirat Reply Aff., ¶17); Kirat has traveled to California a maximum of 6 times in the last 12 years, all in his capacity as a corporate officer of Dani II (Kirat Reply Aff., ¶19); and Kirat has not made any personal visits to California in the last 12 years (Kirat Reply Aff., ¶19).

Accordingly, as every single purported contact to California was by Dani II, not Kirat.  As a result this Honorable Court should and must dismiss this miscellaneous proceeding in accordance with the well-grounded California precedents noted above.

e. **THE CALIFORNIA COURT LACKED SPECIFIC JURISDICTION OVER KIRAT ANAND**

In a rare moment of clarity in an otherwise muddled opposition paper, the Plaintiff, correctly states the California three prong test employed by the California courts to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction, as follows: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and

protections of its laws; (2) the claim must be one which arise out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice.  The Opp. Memo, pg. 9.

In support of its arguments that Kirat has purposefully directed his activities with a California resident, the Plaintiff references a transaction with "California-based Daily Candy Commerce, LLC", claiming that "Defendant himself produced an invoice showing sale of the infringing garments at issue in this litigation to that California-based company." Opp. Memo, pg. 10.  Shockingly, the Plaintiff's own evidence irrefutably establishes that the invoice in question was issued by Dani II (not Kirat).  See Plaintiff's Exhibit 11.  In addition, the purchase order names Dani II as the vendor that sold said goods to Daily Candy Commerce, LLC, and the payment was made to Dani II. Kirat Reply Aff., ¶14-15, 18.  Accordingly, it is abundantly clear that Dani II not only owns the "KAS New York" brand, but was the real party to participate in the transaction with Daily Candy Commerce, LLC.  Therefore, as the contacts of a corporation cannot be imputed to a corporate officer (as noted above), Dani II's sale of merchandise cannot be imputed upon Kirat.

Further, the Plaintiff's reliance upon *Walker v. University Books, Inc.*, 382 F.Supp. 126 (N.D. Cal. 1974) is misplaced because Kirat is not a "copyright infringer", as all sales of the allegedly infringing print were made by Dani II, not Kirat.  Similarly, if anyone placed the goods in the stream of commerce it was Dani II, not Kirat, as Dani II has exclusive ownership of the "KAS New York" label.  Notably, injecting a good into the stream of commerce does not satisfy the prong which requires that the claim must arise out of or relate to the defendant's forum related activity.  *Watson v. Societe*

*Nationale Industrielle Aerospatiale,* 225 Fed.Appx. 716, 717 2007 WL 870391 (C.A. 9 (Cal.)).

The second prong is not satisfied because all purported sales made to California-based businesses were made by Dani II, not Kirat.

With respect to the third prong, it would be tremendously unreasonable and a gross miscarriage of justice if this Honorable Court were to essentially allow the Plaintiff to pierce the corporate veil of Dani II and attack Kirat, who is merely an officer and shareholder of Dani II, by imputing Dani II's contacts with California upon Kirat.  This would undeniably offend the notions of fair play and substantial justice.

### f. THE PLAINTIFF IS NOT ENTITLED TO JURISDCITIONAL DISCOVERY

"[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1160 (9th Cir.2006).  Here, the Plaintiff's allegations are undeniably bare in the face of specific denials made by Kirat, and, as a result, even limited discovery would amount to nothing more than a wasteful fishing expedition.

### g. THE DEFENDANT IS ENTITLED TO AN AWARD OF ATTORNEYS FEES AND COSTS, NOT THE PLAINTIFF.

Based on the undeniable fact that the Plaintiff has engaged in frivolous litigation, despite having documentary evidence that Kirat was not the proper party to be named in the California Action, the Plaintiff should not be awarded any legal fees whatsoever. However, as Kirat was unnecessarily forced to incur no less than $7,500 in legal fees throughout the course of the Plaintiff's "copyright trolling" endeavors in this

miscellaneous proceeding, Kirat should and must be awarded attorneys' fees pursuant to 17 USC §505 in the amount of $7,500.

IV. CONCLUSION

For all the reasons stated herein, this Honorable Court should and must dismiss this miscellaneous proceeding with prejudice, and quash any subpoenas that were issued in connection with this proceeding in their entirety.

Dated: New York, New York
April 12, 2013

**SABHARWAL & FINKEL, LLC**

By: _____/s/_____
Adam Finkel
Rohit Sabharwal
350 Fifth Avenue, 59th Floor
New York, New York 10118
Tel:   (212) 601-2882
Fax:   (212) 601-2883