UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

BONITA FABRICS, INC.,                                   12 Misc. 408

                         Plaintiff,                      OPINION

        -against-

KIRAT ANAND, AN INDIVIDUAL, DBA
KAS NEW YORK,

                         Defendant.

------------------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        Donald Pearce, Esq.
        260 Madison Avenue, 17th Floor
        New York, NY 10016
        By:  Donald Pearce, Esq.


        Attorneys for Defendant

        SABHARWAL & FINKEL, LLC
        350 Fifth Avenue, 59th Floor
        New York, NY 10118
        By:  Adam Finkel, Esq.
             Rohit Sabharwal, Esq.

**Sweet, D.J.,**

Defendant Kirat S. Anand ("Anand" or the "Defendant") has moved pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss the miscellaneous proceeding brought by Plaintiff Bonita Fabrics, Inc. ("Bonita" or the "Plaintiff"), and to quash subpoenas issued in connection with the proceeding. Plaintiff requests that the motions be denied or, in the alternative, that jurisdictional discovery be granted.

Upon the conclusions set forth below, the motion is denied without prejudice and jurisdictional discovery is granted.

## I. **Background and Prior Proceedings**

The instant miscellaneous matter arises from an action by the Plaintiff in the United States District Court for the Central District of California (the "California Court"), Case No. 11 Civ. 7594 (the "California Action").

Bonita is a California corporation with its principal place of business in Los Angeles, California.  Bonita is a

1

fabric wholesaler and employs several full time designers in California.

Bonita applied for and received a copyright registration for Design No. 50653 (the "Design") on April 5, 2007 and assigned Registration Number VA 1-634-587.  From 2007 to 2009, Bonita sold to Forever 21, one of the largest chains of junior's retail stores worldwide, approximately 100,000 yards at a wholesale price in excess of $600,000.

In May 2011, Bonita learned that certain garments bearing allegedly unauthorized reproductions of the Design (the "Accused Garments") were being sold on four separate websites, including www.swirl.com by Daily Candy Commerce, LLC ("Daily Candy"), www.shopstyle.com, www.edressme.com and www.ruelala.com.

Bonita has alleged that Anand, doing business as KAS NEW YORK, sold the Accused Garments on above-mentioned websites and in dozens of stores in California, including boutiques such as Fred Segal and Scoop, and larger department stores located throughout California including Neiman Marcus and Bloomingdale's.  Bonita has contended that Anand had, and may still have, a sales representative in Los Angeles and exhibited

2

and sold goods at the California trade show "Designers and
Agents."  It is also alleged that Anand frequently travels to
California for business and/or pleasure.  Bonita has also noted
that KAS NEW YORK's website states:

> Who is KAS?  KAS was created by the brand's namesake
> and founder, Kirat S. Anand.  Born and raised in New
> York with no formal training, Kirat knew that he
> wanted to make an imprint on the fashion world . . .
> Realizing a void in the luxury/ contemporary woman's
> ready-to-wear market, he launched KAS NEW YORK in
> 2007.

(See Def. Memo. at 3).  In addition, Anand's user submitted
profile on LinkedIn.com lists that he is the "Designer and Owner
at KAS NEW YORK."  According to Bonita, in November 2011, it
discovered that KAS NEW YORK was not a legal entity and that no
person or entity had filed a fictious name statement for KAS NEW
YORK.

In his affidavit, Anand has contended that he, as an
individual, does not do business as KAS NEW YORK.  Instead,
according to Anand, a separate and distinct business
corporation, Dani II, Inc. ("Dani II"), a garment wholesaler,
owns various labels including KAS NEW YORK.  (Anand Aff. ¶¶ 3-
6).  Anand has admitted that he is the current President of, and
a shareholder in Dani II.  (Anand Aff. ¶ 6).  Dani II is a

3

corporation formed under the laws of the State of New York with its principal place of business at 101 32 Dupont Street, Plainview NY 11803.  (Anand Aff. ¶ 2).  In addition, Anand has also stated that his website does not state that he is doing business as KAS NEW YORK.  (Anand Aff. ¶ 4).  Anand has contended that "Plaintiff has not provided a scintilla of evidence to support that KAS NEW YORK is owned by Kirat Anand or is an assumed name belonging to Kirat Anand") and thus he is a wrongfully named defendant in the instant action and the California Action.

On May 27, 2011, Bonita sent a cease and desist letter to KAS NEW YORK demanding that KAS cease its infringement and provide documentary evidence of its supply source, sales, customers and profits.  (Pl. Ex. 1).  By letter dated June 7, 2011, Anand responded to the letter but did not provide any of the requested information.  (Pl. Ex. 2).  Bonita sent a subsequent letter on July 13, 2011, which went unanswered.  (Pl. Ex. 3).

Anand hired three separate attorneys who communicated with Bonita's counsel at various times over the course of the next year.  According to Bonita, attorneys for Anand advised Bonita's counsel that KAS NEW YORK was not a legal entity, but

4

that Dani II should be the defendant in any action alleging infringement.  Bonita responded by asking for proof of the proper entity to be named as well as documentary evidence of sales, customers and profits.  Bonita has contended that Anand's counselors eventually advised that their client would not reveal the names of his supplier, customers, or provide the back-up sales documents.

On March 2, 2012, Bonita received an Order to Show Cause issued by the California Court indicating that the First Amended Complaint ("FAC") would be dismissed unless a default judgment was requested.  By email dated March 2, 2012, Bonita provided Anand's counsel with notice of the Order to Show Cause and also advised that Bonita would file default papers in the following week.  (Pl. Ex. 9).  Anand did not respond to the FAC within the permitted time period.  A clerk's default was entered by the California Court on March 16, 2012. (Pl. Ex. 10).

By letter dated June 19, 2012, Anand sent a letter to the Honorable Philip S. Gutierrez, who presided over the California Action, requesting a continuance of the default hearing.  (Pl. Ex. 11).  The letter was rejected as per Local Rules 83-2.11.  (Pl. Ex. 11).  On June 20, 2012, Judge Gutierrez granted Bonita's request for entry of default judgment, finding

5

that good cause existed for the entry of default against the defendant in the amount of $20,000, together with pre-judgment interest as well as attorneys' fees in the amount of $7,080.50, costs of suit in the amount of $682.50.  The California Court also issued a permanent injunction against Anand.

On December 20, 2012, Bonita entered an amended registration of foreign judgment against Anand in the amount of $27,763 in the Southern District of New York.  Anand subsequently filed the instant motions to dismiss and quash on March 25, 2013, which was heard and marked fully submitted on April 16, 2013.

## II.  Discussion

Rule 12(b)(2) requires that a court dismiss a claim if the court does not have personal jurisdiction over the defendant.  See Fed. R. Civ. P. 12(b)(2).  "To establish personal jurisdiction, [a plaintiff] must show that [the defendant] has minimum contacts with the forum state and was properly served."  Salmassi e. Kfr. v. Euro-America Container Line Ltd., No. 08-4892, 2010 WL 2194827, at *4 (S.D.N.Y. June 1, 2010) (citations omitted).  Once a defendant has raised a jurisdictional defense on a Rule 12(b) motion to dismiss, the

6

plaintiff bears the burden of establishing that the court has jurisdiction over a defendant.  DiStefano v. Carozzi North America Inc., 286 F.3d 81, 84 (2d Cir. 2001).

"[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citations omitted).  As such, a court may rely on evidence outside of the pleadings, including declarations submitted in support of the motion and the records attached to these declarations.  See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss . . . a district court . . . may refer to evidence outside of the pleadings.").  "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]"  A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

Under California Code of Civil Procedure § 410.10, California courts may exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States."  Cal. C. Civ. P. § 410.10.  The effect of the statute is to allow the exercise of the broadest possible

7

jurisdiction consistent with the due process clause of the

United States Constitution.  See Rocke v. Canadian Auto. Sport

Club, 660 F.2d 395, 298 (9th Cir. 1981).


"Personal jurisdiction may be either general or

specific."  Vons Companies, Inc. v. Seabest Foods, Inc., 14 Cal.

4th 444, 445, 58 Cal. Rptr. 2d 899, 926 P.2d 1085 (1996).

"General jurisdiction exists when a defendant is domiciled in

the forum state or his activities there are substantial,

continuous, and systematic."  F. Hoffman-La Roche, Ltd. v.

Superior Court, 130 Cal. App. 4th 782, 796 (2005).  In the

absence of general jurisdiction, a court may exercise specific

jurisdiction over a nonresident defendant where "(1) the

defendant has purposefully availed himself or herself of forum

benefits;" (2) the "controversy is related to or 'arises out of'

[the] defendant's contacts with the forum"; and (3) "the

assertion of personal jurisdiction would comport with 'fair play

and substantial justice.'"  Vons, 14 Cal. 4th at 447.


The due process test for personal jurisdiction has two

related components: the "minimum contacts and the

"reasonableness" inquiry.  Metropolitan Life Ins. Co. v.

Robertson Ceco Corp., 84 F.3d 560, 567 (2d Cir.1996).  To have

minimum contacts, the defendant must purposefully avail himself

8

to the privileges and immunities of the forum state.  Id.  Under the minimum contacts test, an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State."  Kulko v. California Superior Court, 436 U.S. 84, 92, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978) (quotation omitted).

In addition, "[t]he mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents and employees are suable locally as well."  Colt Studio, Inc. v. Badpuppy Enterprise, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999).  "For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals."  Id.  "Implicit in this principle is the consideration that corporations are separate legal entities that cannot act on their own but must do so through their appointed representatives."  Id.  Thus, "acts performed by these individuals, in their official capacities, cannot reasonably be attributed to them as individual acts creating personal jurisdiction."  Id.

9

Here, Plaintiff alleges that "Defendant's KAS products are sold in dozens of stores in California, including Neiman Marcus, Bloomingdales, Fred Segal and Scoop. Defendant attends trade shows in California. Defendant had a sale representative in California. Defendant travels to California on personal and/or business matters. Defendant infringed a copyright owned by a California based business." (Pl. Opp. at 9). Thus, each of Anand's purported contacts with California is based on Plaintiff's theory that Anand is acting as or controls KAS New York.

Defendant has contended that "any goods sold that contained the allegedly infringing print . . . were sold by Dani II, not by 'Kas New York' and certainly not by 'Kirat Anand.' (Pl. Reply at 10). Defendant also has admitted that Dani II employed a sales representative and sold garments to various brick and mortar as well as online stores in California. (Id.). Defendant has claimed that "every single purported contact to California was by Dani II, not Kirat." (Id.).

Plaintiff has submitted substantial evidence supporting its allegations that KAS NEW YORK placed the Design and Accused Garments in the stream of commerce with the purpose of garnering business in California. (Pl. Exs. 1, 16, 17).

10

However, a factual dispute exists as to the legal status of and
Anand's role in KAS NEW YORK, as well as the corporate structure
of Dani II.  Prior to a determination of jurisdiction, questions
as to what type of entity KAS NEW YORK exists as and under whose
control, specific details as to the nature of Anand's role in
KAS NEW YORK and Dani II, and whether other shareholders or
owners of Dani II exist must be answered.

          Given the lack of such answers in the factual record,
the exercise of jurisdiction is unclear at this time.  District
courts have "wide latitude to determine the scope of discovery,"
and to allow jurisdictional discovery and, if so to what extent.
Frontera Res. Azerbaijan Corp. v. State Oil Co. of the
Azerbaijan Republic, 582 F.3d 393, 401 (2d Cir. 2009).
Jurisdictional discovery "should be granted where pertinent
facts bearing on the question of jurisdiction are controverted .
. . or where a more satisfactory showing of the facts is
necessary."  Kilpatrick v. Texas & Pac. Ry. Co., 72 F. Supp.
635, 638 (S.D.N.Y. 1947).  "May courts have considered such a
showing necessary when faced with an unclear relationship
between two corporations" or entities.  Pension Committee of
Univ. of Montreal Pension Plan v. Banc of America Securities,
LLC, No. 05 Civ. 9016(SAS), 2006 WL 708470, at *6 (S.D.N.Y. Mar.
20, 2006).

Accordingly, in light of Plaintiff's allegations and evidentiary submissions thus far, Plaintiff should be permitted to conduct jurisdictional discovery regarding Anand, KAS NEW YORK and Dani II's contacts with California limited to the issue of personal jurisdiction.  The discovery shall be completed within 90 days.


## III. Conclusion


Upon the facts and conclusions set forth above, the Defendant's motion to dismiss is denied without prejudice to renewal following jurisdictional discovery.


It is so ordered.


**New York, NY**
**April /9 , 2013**

_____
ROBERT W. SWEET
U.S.D.J.