UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

BONITA FABRICS, INC.,                                    12 Misc. 408

                   Plaintiff,                          <u>OPINION</u>

    -against-

KIRAT ANAND, AN INDIVIDUAL, DBA
KAS NEW YORK,

                Defendant.

------------------------------------------------X

A P P E A R A N C E S:

       <u>Attorneys for Plaintiff</u>

       Donald Pearce, Esq.
       260 Madison Avenue, 17th Floor
       New York, NY 10016
       By:  Donald Pearce, Esq.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 2 3 14

       <u>Attorneys for Defendant</u>

       LEWIS & LIN, LLC
       45 Main Street, Suite 608
       New York, NY 11201
       By:  Brett E. Lewis, Esq.
            Justin Mercer, Esq.

**Sweet, D.J.,**

Defendant Kirat S. Anand ("Anand" or the "Defendant")
has moved pursuant to Rule 12(b)(2) of the Federal Rules of
Civil Procedure to dismiss the miscellaneous proceeding brought
by Plaintiff Bonita Fabrics, Inc. ("Bonita" or the "Plaintiff")
on the grounds that the United States District Court for the
Central District of California lacked personal jurisdiction over
Anand to issue the default judgment upon which this proceeding
is based.

Upon the conclusions set forth below, the motion is
granted.

## I. Prior Proceedings

The instant miscellaneous matter arises from an action
by the Plaintiff in the United States District Court for the
Central District of California (the "California Court"), Case
No. 11 Civ. 7594 (the "California Action").

On March 2, 2012, Bonita received an Order to Show
Cause issued by the California Court indicating that the First
Amended Complaint ("FAC") would be dismissed unless a default

1

judgment was requested.  By email dated March 2, 2012, Bonita
provided Anand's counsel with notice of the Order to Show Cause
and also advised that Bonita would file default papers in the
following week.  (Pl. Ex. 9.)  Anand did not respond to the FAC
within the permitted time period.  A clerk's default was entered
by the California Court on March 16, 2012. (Pl. Ex. 10.)

By letter dated June 19, 2012, Anand sent a letter to
the Honorable Philip S. Gutierrez, who presided over the
California Action, requesting a continuance of the default
hearing.  (Pl. Ex. 11.)  The letter was rejected as per Local
Rules 83-2.11.  (Pl. Ex. 11.)  On June 20, 2012, Judge Gutierrez
granted Bonita's request for entry of default judgment, finding
that good cause existed for the entry of default against the
defendant in the amount of $20,000, together with pre-judgment
interest as well as attorneys' fees in the amount of $7,080.50
and costs of suit in the amount of $682.50.  The California
Court also issued a permanent injunction against Anand.

On December 20, 2012, Bonita entered an amended
registration of foreign judgment against Anand in the amount of
$27,763 in the Southern District of New York.  Anand
subsequently filed motions to dismiss and quash on March 25,
2013, which were heard and marked fully submitted on April 16,

2013.  On April 22, 2013, Defendant's motions were denied without prejudice to renewal following jurisdictional discovery.

On November 22, 2013, Defendant filed the instant motion to dismiss for lack of jurisdiction.  Defendant's motion was heard and marked fully submitted on January 15, 2013.

## II.  **Facts**

Bonita is a California corporation with its principal place of business in Los Angeles, California.  Bonita is a fabric wholesaler and employs several full time designers in California.

Bonita applied for and received a copyright registration for Design No. 50653 (the "Design") on April 5, 2007 and assigned Registration Number ("RN") VA 1-634-587.  From 2007 to 2009, Bonita sold to Forever 21, one of the largest chains of junior's retail stores worldwide, approximately 100,000 yards of fabric at a wholesale price in excess of $600,000.

In May 2011, Bonita learned that certain garments bearing allegedly unauthorized reproductions of the Design (the

3

"accused garments") were being sold on four separate websites,
including www.swirl.com by Daily Candy Commerce, LLC ("Daily
Candy"), www.shopstyle.com, www.edressme.com and
www.ruelala.com.

        Bonita has alleged that Anand, doing business as KAS
NEW YORK, sold the Accused Garments on above-mentioned websites
and in dozens of stores in California, including boutiques such
as Fred Segal and Scoop, and larger department stores located
throughout California including Neiman Marcus and
Bloomingdale's.  Bonita has contended that Anand had, and may
still have, a sales representative in Los Angeles and exhibited
and sold goods at the California trade show "Designers and
Agents."  It is also alleged that Anand frequently travels to
California for business and/or pleasure.  Bonita has also noted
that KAS NEW YORK's website states:

> Who is KAS?  KAS was created by the brand's namesake
> and founder, Kirat S. Anand.  Born and raised in New
> York with no formal training, Kirat knew that he
> wanted to make an imprint on the fashion world . . .
> Realizing a void in the luxury/ contemporary woman's
> ready-to-wear market, he launched KAS NEW YORK in
> 2007.

(*See* Def. Memo. at 3).  In addition, Anand's user submitted
profile on LinkedIn.com lists that he is the "Designer and Owner

at KAS NEW YORK." According to Bonita, in November 2011, it discovered that KAS NEW YORK was not a legal entity and that no person or entity had filed a name statement for KAS NEW YORK.

In his affidavit, Anand has contended that he, as an individual, does not do business as KAS NEW YORK. Instead, according to Anand, a separate and distinct business corporation, Dani II, Inc. ("Dani II"), a garment wholesaler, owns various labels including KAS NEW YORK. (Anand Aff. ¶¶ 3-6). Anand has admitted that he is the current President of and a shareholder in Dani II. (Anand Aff. ¶ 6). Dani II is a corporation formed under the laws of the State of New York with its principal place of business at 101 32 Dupont Street, Plainview NY 11803. (Anand Aff. ¶ 2). In addition, Anand has also stated that his website does not state that he is doing business as KAS NEW YORK. (Anand Aff. ¶ 4). Anand has contended that "Plaintiff has not provided a scintilla of evidence to support that KAS NEW YORK is owned by Kirat Anand or is an assumed name belonging to Kirat Anand" and thus he is a wrongfully named defendant in the instant action and the California Action. (*Id.*)

On May 27, 2011, Bonita sent a cease and desist letter to KAS NEW YORK demanding that KAS cease its infringement and

5

provide documentary evidence of its supply source, sales,
customers and profits.  (Pl. Ex. 1).  By letter dated June 7,
2011, Anand responded to Plaintiff's letter but did not provide
any of the requested information.  (Pl. Ex. 2).  Bonita sent a
subsequent letter on July 13, 2011, which went unanswered.  (Pl.
Ex. 3).

Anand hired three separate attorneys who communicated
with Bonita's counsel at various times over the course of the
next year.  According to Bonita, attorneys for Anand advised
Bonita's counsel that KAS NEW YORK was not a legal entity, but
that Dani II should be the defendant in any action alleging
infringement.  Bonita responded by asking for proof of the
proper entity to be named as well as documentary evidence of
sales, customers and profits.  Bonita has contended that Anand's
counselors eventually advised that their client would not reveal
the names of suppliers, customers, or provide the back-up sales
documents.

On September 24, 2013, as a result of the Court's
opinion granting a 90-day period of limited jurisdictional
discovery as to the corporate status of KAS NEW YORK and Dani
II, Anand answered 24 interrogatories and produced over 300
pages of documents in response to Plaintiff's document requests.

6

(*See* Affirmation of Justin Mercer, Esq., November 22, 2013,
("Mercer Aff."); Ex. A.)

On October 22, 2013, Bonita requested additional
documents and responses to interrogatories.  On or about
November 13, 2013, Anand provided three years of invoices as to
Dani II's sale of KAS NEW YORK-brand products in this state and
California, contact information for social media interns of Dani
II, and all customer invoices as to Dani II's sales of allegedly
infringing KAS NEW YORK-brand products sold anywhere.  (*See*
Mercer Aff., Exs. B & C.)   The invoices identify Dani II as the
entity that conducted business related to the sale of the KAS
NEW YORK-brand products.

III. **Applicable Standard of Law**

Rule 12(b)(2) requires that a court dismiss a claim if
the court does not have personal jurisdiction over the
defendant.  *See* Fed. R. Civ. P. 12(b)(2).  "To establish
personal jurisdiction, [a plaintiff] must show that [the
defendant] has minimum contacts with the forum state and was
properly served."  *Salmassi e. Kfr. v. Euro-America Container
Line Ltd.*, No. 08-4892, 2010 WL 2194827, at *4 (S.D.N.Y. June 1,

7

2010) (citations omitted).  Once a defendant has raised a
jurisdictional defense on a Rule 12(b) motion to dismiss, the
plaintiff bears the burden of establishing that the court has
jurisdiction over a defendant.  *DiStefano v. Carozzi North
America Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

"[J]urisdiction must be shown affirmatively, and that
showing is not made by drawing from the pleadings inferences
favorable to the party asserting it."  *Shipping Fin. Servs.
Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citations
omitted).  As such, a court may rely on evidence outside of the
pleadings, including declarations submitted in support of the
motion and the records attached to these declarations.  *See
Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In
resolving a motion to dismiss . . . a district court . . . may
refer to evidence outside of the pleadings.").  "[W]here the
issue is addressed on affidavits, all allegations are construed
in the light most favorable to the plaintiff and doubts are
resolved in the plaintiff's favor[.]"  *A.I. Trade Finance, Inc.
v. Petra Bank,* 989 F.2d 76, 79-80 (2d Cir. 1993).

Under California Code of Civil Procedure § 410.10,
California courts may exercise personal jurisdiction "on any
basis not inconsistent with the Constitution of this state or of

the United States."  Cal. C. Civ. P. § 410.10.  The effect of
the statute is to allow the exercise of the broadest possible
jurisdiction consistent with the due process clause of the
United States Constitution.  *See Rocke v. Canadian Auto. Sport
Club*, 660 F.2d 395, 298 (9th Cir. 1981).

        "Personal jurisdiction may be either general or
specific."  *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.
4th 444, 445, 58 Cal. Rptr. 2d 899, 926 P.2d 1085 (1996).
"General jurisdiction exists when a defendant is domiciled in
the forum state or his activities there are substantial,
continuous, and systematic."  *F. Hoffman-La Roche, Ltd. v.
Superior Court*, 130 Cal. App. 4th 782, 796 (2005).  In the
absence of general jurisdiction, a court may exercise specific
jurisdiction over a nonresident defendant where "(1) the
defendant has purposefully availed himself or herself of forum
benefits;" (2) the "controversy is related to or 'arises out of'
[the] defendant's contacts with the forum"; and (3) "the
assertion of personal jurisdiction would comport with 'fair play
and substantial justice.'"  *Vons,* 14 Cal. 4th at 447.

        The due process test for personal jurisdiction has two
related components: the "minimum contacts and the
"reasonableness" inquiry.  *Metropolitan Life Ins. Co. v.*

9

*Robertson Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).  To have

minimum contacts, the defendant must purposefully avail himself

to the privileges and immunities of the forum state.  *Id.*  Under

the minimum contacts test, an essential criterion in all cases

is whether the 'quality and nature' of the defendant's activity

is such that it is 'reasonable' and 'fair' to require him to

conduct his defense in that State."  *Kulko v. California*

*Superior Court*, 436 U.S. 84, 92, 98 S. Ct. 1690, 56 L. Ed. 2d

132 (1978) (quotation omitted).


        In addition, "[t]he mere fact that a corporation is

subject to local jurisdiction does not necessarily mean its

nonresident officers, directors, agents and employees are suable

locally as well."  *Colt Studio, Inc. v. Badpuppy Enterprise*, 75

F. Supp. 2d 1104, 1111 (C.D. Cal. 1999).  "For jurisdictional

purposes, the acts of corporate officers and directors in their

official capacities are the acts of the corporation exclusively

and are thus not material for purposes of establishing minimum

contacts as to the individuals."  *Id.*  "Implicit in this

principle is the consideration that corporations are separate

legal entities that cannot act on their own but must do so

through their appointed representatives."  *Id.*  Thus, "acts

performed by these individuals, in their official capacities,

cannot reasonably be attributed to them as individual acts creating personal jurisdiction."  *Id.*

## IV.  Plaintiff has not Shown Sufficient Minimum Contacts or Substantial, Continuous or Systems Activities to Establish Jurisdiction over Anand in California

Defendant's previous motion to dismiss was denied pending jurisdictional discovery as to the issue of what type of entity KAS NEW YORK exists as and under whose control, as well as specific details as to the nature of Anand's role in KAS NEW YORK and Dani II.

Plaintiff alleges that the discovery produced demonstrates that KAS NEW YORK, operated by Anand as a d/b/a for himself, was the legal entity behind the accused garments.  In contrast, Defendant maintains that Dani II, and not Anand in his individually capacity, owns and operates KAS NEW YORK, is responsible for the accused garments, and that Plaintiff has thus not established sufficient contacts for jurisdiction over Anand in California.

> 1. *Plaintiff has Failed to Allege "Continuous and Systematic General Business Contacts" by Anand to Support an Exercise of General Jurisdiction in California*

Plaintiff has not established the existence of facts to support a claim that Anand has engaged in "continuous and systematic general business contacts" in California.  General jurisdiction is a "fairly high" standard that is tantamount to "approximate physical presence" in the foreign forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Courts consider "whether the defendant makes sales, solicits or engages in business in that state, serves the state, designates an agent for service of process, holds a license, or is incorporated there," *Bancroft & Masters, Inc.*, 223 F.3d at 1086, as well as the "longevity, continuity, volume, economic impact, physical presence, [and] . . . integration into the states regulatory or economic markets" by the defendant in the forum state.  *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 D.3d 1218, 1224 (9th Cir. 2011).

Here, Anand has never conducted any business activities in the forum state, received any income or revenue from business activities in California, resided in the forum state, owned or leased any real or personal property located in California in his individual capacity or any other, bought or sold assets in California, employed anyone in California, or filed any tax returns in California.  (Anand Aff. at 2-3.)

Further, the Defendant has never been and is currently not a
controlling shareholder of any corporation that is registered in
California, and has never instituted any legal action in
California. (*Id.*)  In such cases, general jurisdiction is
inappropriate. *See, e.g.*, *Bancroft & Masters, Inc.*, 223 F.3d at
1086 (contacts were not "continuous and systematic" where out-
of-state defendant was not registered or licensed to do business
in California, paid no taxes and had no banks accounts in
California, targeted no advertising toward California and only
occasionally sold to California residents and executed license
agreements with television networks and several California
vendors).

     Further, KAS NEW YORK is not, as Plaintiff alleges, a
d/b/a for Anand.  Jurisdictional discovery shows instead that
"KAS NEW YORK" is a fashion label/brand owned by Dani II.  Such
discovery includes, among other things: (1) a certificate of
incorporation for Dani II (Mercer Aff. Ex. A); (2) documents
from the New York State Department of Tax & Finance addressed to
Dani II (Mercer Aff. Ex. A.); (3) certificate of property
insurance for the office address of Dani II, naming Dani II as
beneficiary (Mercer Aff. Ex. A.); (4) corporate and individual
tax returns for 2009, 2010, 2011 and 2012 for Dani II and Anand,
respectively (Mercer Aff. Ex. A.); (5) an application filed with

13

the Federal Trade Commission ("FTC") for receipt of RN number for Dani II (Mercer Aff. Ex. A.); and (6) Dani II's corporate account payment register showing rent payments for office space paid by corporate entity and for fashion tradeshows on behalf of corporate entity (Mercer Aff. Ex. A.).

Anand's contacts in California while acting as an owner and officer of Dani II, or Dani II's sales of KAS NEW YORK merchandise in California, do not subject him to general jurisdiction. The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well. *See Colt Studio, Inc. v. Badpuppy Enterprise*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999) (quoting *Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)); *see also Davis v. Metro Productions, Inc.,* 885 F.2d 515, 521 (9th Cir.1989). Instead, for jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals. *See Shearer v. Superior Court,* 70 Cal.App.3d 424, 430 (1977). Implicit in this principle is the consideration that corporations are separate legal entities that cannot act on their own but must do so through their appointed

14

representatives. *See Mihlon v. Superior Court,* 169 Cal.App.3d
703, 713 (1985). Accordingly, acts performed by these
individuals, like Anand, in their official capacities, cannot
reasonably be attributed to them as individual acts creating
personal jurisdiction. *See id.*


The exception to this rule is if the corporation is
the "alter ego" of the individual defendant, such that a finding
of personal jurisdiction over the corporation will support a
finding of personal jurisdiction over the individual. *See Flynt
Distrib. Co.,* 734 F.2d at 1393; *Sheard v. Superior Court,* 40
Cal.App.3d 207, 210, 114 Cal.Rptr. 743 (1974).  Plaintiff
references that Anand is the sole shareholder, President, CEO,
Secretary, Treasurer and CFO of Dani II to show that here, Dani
II's actions should be attributable to Anand.  (Marshall Decl.
Ex. 9.)


To establish that Dani II is merely the "alter ego" of
Anand, Plaintiff must show "(1) that there is such unity of
interest and ownership that the separate personalities of [Anand
and Dani II] no longer exist and (2) that failure to disregard
[their separate identities] would result in fraud or injustice."

15

*Colt Studio, Inc*, 75 F. Supp. 2d at 1111.  Bonita has not alleged that Anand acted in his individual capacity in dealings with Dani II, converted funds for his own use, undercapitalized the business, or otherwise undermined the corporate form.  *Id.* (finding that the individual was not an "alter ego" where no allegations that the individual converted corporate assets for own use, transferred assets to leave them undercapitalized, or dealt with the two organizations as if they were one).  As such, Plaintiff has failed to establish the requisite relationship to impute Dani II's actions to Anand.


     Because Plaintiff has failed to show any "continuous and systematic general business contacts" in California by Anand, or that Anand in his individual capacity should be held accountable for actions by KAS NEW YORK or Dani II, general jurisdiction is inappropriate.


     2. *Plaintiff has Failed to Establish Minimum Contacts*
        *to Support an Exercise of Specific Jurisdiction over*
        *Anand in California*


     Plaintiff also fails to establish that Anand possessed the requisite "minimum contacts" with California to support an exercise of specific jurisdiction.

16

Plaintiff has not adequately alleged that Anand
committed an intentional act in California, or that any claims
arise out of Anand's forum-related activities.  *See Calder v.
Jones*, 465 U.S. 783, 802 (1984) (the "effects" test requires
that the non-resident defendant "allegedly have (1) committed an
intentional act (2) expressly aimed at the forum state (3)
causing harm that the defendant knows is likely to be suffered
in the forum state" for specific jurisdiction); *see also Wolf
Designs, Inc.*, 322 F. Supp. 2d at 1072 ("Mere knowledge of
tortuous conduct by the corporation is not enough to hold a
director or officer liable for the torts of the corporation
absent other 'unreasonable participation' in the unlawful
conduct by the individual."}.  Anand maintains in his affidavit
that he has not individually, or in any other capacity,
conducted business activities in California.  (Anand Aff. at 2-
3.)  To the extent that Bonita claims that certain KAS NEW YORK-
brand products infringed upon its copyright, there is no
evidence that Anand ever sold a KAS NEW YORK product in his
individual capacity in California or elsewhere.  Further, none
of the allegedly infringing garments, all of which are made in
the name of Dani II, and not Anand, as reflected in the invoices
produced by Defendants, were shipped to California. (*See* Mercer

17

Aff. Ex. C.)   Regardless, as discussed, actions by Dani II and
KAS NEW YORK cannot be attributed to Anand in his personal
capacity.


     Notwithstanding the discovery produced establishing
that Anand does not have contacts in California, and that KAS
NEW YORK is owned by Dani II, not Anand, Plaintiff contends that
Anand is personally subject to jurisdiction in California
because (1) Anand represented to the FTC that KAS NEW YORK/KAS
DEISGNS, and not Dani II, is the legal name of the business
responsible for wholesaling/manufacturing the accused garments;
(2) at all relevant times, the company's website was owned by
Anand, not Dani II; and (3) Defendant failed to produce
documents generated by third parties which Plaintiff believes
will further support that KAS is a d/b/a operated by Anand.


     First, the FTC and Federal law require that the name
which appears on a garment's label be the "name under which the
person is doing business."   16 C.F.R. § 303.19(a)[1].   The business

---

[1] 16 C.F.R. § 303.19 provides in pertinent part:

     Name or other identification required to appear on labels.

     (a)   The name required by the Act to be used on labels shall be the
           name under which the person is doing business.  Where a person has a

name used on labels and/or linked to FTC-issued RNs must be "the
full legal name that appears on business documents, such as
purchase orders and invoices." *Id.* The name which appears on
the labels of the accused garments is KAS NEW YORK, and the FTC-
issued RN on the label of the accused garments is a number that
is registered to a business which certifies that its legal name
is "K.A.S. DESIGNS." (Marshall Decl. Ex. 1.) According to
Plaintiff, KAS NEW YORK, owned and operated by Anand, is thus
the name of the business behind the sale of the accused
garments. (Plaintiff Opposition, "Opp. Br."; at 7.)


RN Numbers are not required, but optional. *See* 19
C.F.R. § 303.19(b) ("Registered identification numbers . . . may
be used"). Moreover, according to 19 C.F.R. §§ 303.19-.20, an
entity is entitled to use its brand name or house mark when

---

word trademark, used as a house mark, registered in the United
States Patent Office, such word trademark may be used on labels in
lieu of the name otherwise required: Provided, the owner of such
word trademark furnishes the Commission a copy of the registration
prior to its use. No trademark, trade names, or other names except
those provided for above shall be used for required identification
purposes.

(b)   Registered identification numbers, as provided for in § 303.20 of
this part, may be used for identification purposes in lieu of the
required name.

16 C.F.R. § 303.19.

registering for an RN number.[2]  *See* 19 C.F.R. §§ 303.19-.20.  It
is not unreasonable that Dani II's representative who applied
for the subject RN number mistook "K.A.S. DESIGNS," a brand
name, for the "Legal Name."  The "Company Name" on the
application was left blank.  Taken together with the extensive
discovery establishing Dani II as the owner of KAS NEW YORK, the
RN registration name is insufficient to establish that K.A.S.
DESIGNS, and not Dani II, should be accountable for KAS NEW
YORK's sale of the accused garments.

     In addition, even if Dani II were not the owner, this
still does not establish that Anand personally did business as
KAS NEW YORK.  Anand's name does not appear anywhere on the RN
number application, and no other facts with respect to the RN
number show that Anand was holding himself out to do business in
his personal capacity or that Anand intentionally directed the
sale of any KAS NEW YORK garment in California.  As demonstrated
by discovery, there were no sales by KAS NEW YORK or Dani II in
California at all.  Accordingly, whether K.A.S. DESIGN was
listed as the legal name on the RN application does not further

---

[2] The application for a new registered identification number provides two
places to potentially enter a name: "Legal Name" and "Company Name," without
providing an explanation for the difference on the form itself.

Plaintiff's allegations regarding personal jurisdiction over Anand as an individual.

Second, Plaintiff maintains that at all relevant times the company's website, www.KasNewYork.com, was owned by Anand, not Dani II, and thus Anand should be responsible for KAS NEW YORK's business activities.[3]  (Marshall Decl. Ex. 5.)  Further, Plaintiff contends that other industry platforms such as LinkedIn and Wikipedia also establish that Anand was the founder of and the officer responsible for KAS NEW YORK.  (Marshall Decl. Ex. 11.)  Defendant acknowledges that Anand incorporated Dani II, and then used Dani II to launch the KAS NEW YORK brand. (Defendant's Reply Brief, "Reply Br."; at 2.)

There is no authority cited for the proposition that registering a domain name subjects a party to jurisdiction as an individual in a foreign forum.  To the contrary, courts have rejected assertions of jurisdiction based on nothing more than the registration of a domain name. *See, e.g.*, *Panavision International, L.P.* v. Toeppen, 141 F.3d 1316, 1322 (9th Cir.

---

[3] After jurisdictional discovery, Defendant transferred ownership of the KAS website from Anand to Dani II.  (Marshall Decl. ¶ 6.)

1998) (registration of a domain name alone "is not sufficient to subject a party domiciled in one state to jurisdiction in another."); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 19997) (same); *Bensusan Restaurant Corp. v. Kingi*, 937 F. Supp. 295, 301 (S.D.N.Y. 1996) ("Creating a site, like placing a product into the stream of commerce, may be felt nationwide-or even worldwide-but, without more, it is not an act purposefully directed towards the forum state").

Similarly, the fact that Anand is named a founder of KAS NEW YORK on LinkedIn and Wikipedia cannot alone establish individual liability for the actions of KAS NEW YORK the corporation. *See Flynt Distrib. Co.,* 734 F.2d at 1393; *Sheard v. Superior Court,* 40 Cal.App.3d 207, 210, 114 Cal.Rptr. 743 (1974). None of the websites show any facts supporting that Anand purposely directed acts toward California, acted in his personal capacity in business dealings with KAS NEW YORK or Dani II in California or elsewhere, or otherwise broke the corporate form and exposed himself to individual liability. Accordingly, the registration of the website in Anand's name, and the references to Anand as founder of KAS NEW YORK, do not establish that KAS NEW YORK is a d/b/a for Anand, or that either company's

22

actions can be imputed to the Defendant in his individual
capacity.


Finally, Plaintiff contends that Defendant has failed
to comply with document demands, including production of
purchase orders, emails, cancelled checks, and other documents
generated by third parties and customers that relate to the sale
of the accused garments, which Plaintiff alleges will establish
that Anand, and not Dani II, is the owner of KAS NEW YORK.
(Marshall Decl. ¶ 9.)  As evidence of this, Plaintiff points to
a purchase order issued by Daily Candy Commerce, LLC in Los
Angeles, California, which lists "Kirat Anand" as the contact.
(Marshall Decl. Ex. 7.)  Because this order was produced by the
client, and the invoices which list Dani II as the company name
for the accused garments were generated by the Defendant with
client identities redacted, Plaintiff maintains that customer-
generated purchase orders will confirm that Anand, as KAS NEW
YORK, was personally responsible for the sale of the accused
items.


As an initial matter, the purchase invoice with Daily
Candy does not establish jurisdiction in California over either

23

Anand or Dani II.  Dani II sold allegedly infringing garments to
a New York-based company, called Swirl, which was a subsidiary
of Comcast Interactive Media LLC, a Delaware entity, whose
Delaware subsidiary (Daily Candy Commerce LLC) had an office in
California.  None of the allegedly infringing garments were
shipped to California, no Dani II representatives ever dealt
directly with Daily Candy's California-based office, and the
invoices for these transactions were paid directly to Dani II,
not Anand, from Philadelphia-based Comcast Interactive Media
LLC.  (*See* Jolly Aff. ¶¶ 16-17); *see also Asahi Metal Industry
Co. v. Superior Court*, 480 U.S. 102 (1987) (awareness alone that
products were placed into the stream of commerce is insufficient
to subject a non-party to jurisdiction in a foreign forum);
*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450,
459 (9th Cir. 2007) ("The placement of a product into the stream
of commerce, without more, is not an act purposefully directed
toward a forum state . . . . Even a defendant's awareness that
the stream of commerce may or will sweep the product into the
forum state does not convert the mere act of placing the product
into the stream of commerce into an act purposefully directed
toward the forum state.").  Thus, even if Dani II's contacts
were imputed to Anand, there is no basis for a finding of
intentional acts expressly aimed at California.

24

Regardless, the purchase order does not in any way show that Anand acted in his personal capacity. The purchase order cited by Plaintiff lists "KAS NEW YORK" as the "vendor," and "Kirat Anand," as the contact. Daily Candy's parent company, Comcast, made the actual payment, and the check was written out to "Dani II, Inc." (See Mercer Aff. Ex. A.)  That a buyer at Daily Candy referred to Anand as a contact for KAS NEW YORK does not negate the corporate form or show that Anand was doing business in an individual capacity. Anand was not listed as the vendor name, and officers of corporations are commonly listed as contacts without subjecting themselves to individual liability. Further, as discussed, the corporate fillings and meetings, the contracts with employees, leases, invoices, packing slips, cancelled checks, credit card processing statements, and small business loans, all demonstrate that Dani II, and not Anand, owns and is responsible for KAS NEW YORK, including with respect to the Daily Candy order.

Plaintiff has thus failed to establish any facts that Anand, in his individual capacity or through either company, intentionally committed an act directed at California or that any of the sales of the accused garments arose out of activities

25

by Anand in the forum state.  As such, specific jurisdiction over Anand in California is unreasonable.  *See Kulko v. California Superior Court*, 436 U.S. 84, 92 (1978) (under the minimum contacts test, "an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State.") (internal citations omitted).


### Conclusion


For the reasons set forth above, the Defendant's motion to dismiss is granted.


It is so ordered.


**New York, NY**
**January 29, 2014**

ROBERT W. SWEET
U.S.D.J.

26